IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE NORTON,

    Plaintiff,	No. CIV S-08-2731 DAD P

    vs.

AMADOR COUNTY DETENTION FACILITY, et al.,	ORDER AND

    Defendants.	FINDINGS & RECOMMENDATIONS

/

       Plaintiff, a former state prisoner proceeding pro se, has filed a complaint and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

       A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). Here, although plaintiff indicates that he is not currently employed he acknowledges that he did receive money during the past twelve months from pensions, annuities or life insurance payments. However, plaintiff does not provide any information about how much he receives each month for these sources. In addition, plaintiff

indicates that he has approximately $660 in a savings account and $192 in his checking account. Absent the required information about the money received during the past twelve months from pensions, annuities or life insurance payments, the present application fails to establish that plaintiff is indigent. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

Ordinarily, the undersigned would deny plaintiff's in forma pauperis application with leave to file an amended application. However, a determination of plaintiff's in forma pauperis status does not complete the inquiry required by the statute. The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), even a pro se pleading must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).

In his complaint, plaintiff alleges that from November 19, 2007 to July 27, 2008, he was held at the Amador County Detention Facility prior to being transferred to the custody of the California Department of Corrections and Rehabilitation. Plaintiff alleges that while detained at the Amador facility, plaintiff was subjected to "electromagnetic-electrical wave lengths - electrical fluctuations and constant currants from the Neon lights" that caused him to suffer severe neurological disturbances and memory loss. (Compl. at 2.) Plaintiff contends that the

electrical waves have kept him from defending himself against the "accusation brought against me - and the constant electrical assault upon my brain and memory." (Id.)  In his complaint, plaintiff names as defendants, the Amador County detention facility, Amador County Sheriff's Department, Amador County, and the unknown manufacturer of the lights and fixtures at the Amador County Detention Facility.  (Id. at 1.)

The court's own records reveal that plaintiff filed two other complaints alleging virtually identical claims against the same defendants named in this action.[1]  See Norton v. Amador County Sheriff Department, et al., Case No. CIV S-09-2396 JAM DAD PS (E.D. Cal. 2009); Norton v. Amador Detention Facility, Case No. CIV S-09-1596 GEB JFM PS (E.D. Cal. 2009).  In the latter case, United States Magistrate Judge John F. Moulds determined that the allegations of plaintiff's complaint were vague and conclusory and dismissed the complaint with leave to amend.  In findings and recommendations filed August 11, 2009, Magistrate Judge Moulds determined that the claims alleged in plaintiff's subsequently filed amended complaint fell into the category of "the irrational or wholly incredible" and therefore recommended that plaintiff's case be dismissed as frivolous.  Plaintiff did not file objections to Magistrate Judge Moulds' findings and recommendations.  On September 16, 2009, United States District Judge Garland E. Burrell, Jr. reviewed and adopted those findings and recommendations, and judgment was entered against plaintiff in Case No. CIV S-09-1596 GEB JFM PS.[2]  Plaintiff did not take an appeal from the judgment.

The undersigned finds that plaintiff's complaint in this action should likewise be dismissed as factually frivolous for the same reasons that his Case No. CIV S-09-1596 GEB JFM PS was dismissed.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (affirming that the in forma

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] In Case No. CIV S-09-2396 JAM DAD PS, the undersigned filed findings and recommendations on November 12, 2009, recommending that the action be dismissed as factually frivolous.

1  pauperis statute accords judges not only the authority to dismiss a claim based on an indisputably
2  meritless legal theory but also the power to dismiss claims whose factual contentions are clearly
3  baseless, including allegations that are fanciful, fantastic, and delusional); Neitzke v. Williams,
4  490 U.S. 319, 328 (1989) (citing as examples of baseless factual claims those that describe
5  "fantastic or delusional scenarios"); Warren v. Bush, Case No. 2:08-cv-00376-RLH-LRL, 2008
6  WL 3876885, at *2 (D. Nev. Aug. 18, 2008) (recommending dismissal of prisoner's complaint
7  upon finding the allegations that defendants put technology into the prisoner's body and stole his
8  sexual organs were fantastic, delusional, irrational, and frivolous); Yacoub v. United States, No.
9  C07-1415RSM, 2007 WL 2745386, at *1 (W.D. Wash. Sept. 20, 2007) (dismissing as irrational
10 and wholly incredible prisoner's complaint alleging that defendants used electromagnetic waves
11 and other methods to control his mind and bodily functions); see also Bell v. Hood, 327 U.S.
12 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction
13 where it is "wholly insubstantial and frivolous" and so patently without merit as to justify
14 dismissal for lack of jurisdiction ); Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging
15 that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or
16 otherwise completely devoid of merit as not to involve a federal controversy within the
17 jurisdiction of the District Court"); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984)
18 (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal
19 subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

20          It is evident from the noted deficiencies of plaintiff's complaints filed with this
21 court in his other actions that granting leave to amend in this action would be futile.  The
22 undersigned will therefore recommend that plaintiff's in forma pauperis application be denied
23 and that this action be dismissed.

24          Accordingly, IT IS HEREBY ORDERED that:

25          1. Plaintiff's November 13, 2008 application to proceed in forma pauperis (Doc.
26 No. 2) is denied; and

1  2. The Clerk of the Court is directed to randomly assign this case to a United States District Judge.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice as factually frivolous.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2009.

                                                             /s/ Dale A. Drozd
                                                             DALE A. DROZD
                                                             UNITED STATES MAGISTRATE JUDGE

DAD:4
nort2731.fsc